**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TOWER IRON WORKS, INC., et al., Respondent.**

**No. 6728.**

United States Court of Appeals
First Circuit.
Sept. 21, 1966.

**190**

Nancy M. Sherman, Washington, D. C., Attorney, with whom Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, and Marcel Mallet-Prevost, Asst. General Counsel, were on brief, for petitioner.

Alan S. Miller, Boston, Mass., with whom Louis Chandler and Stoneman & Chandler, Boston, Mass., were on brief, for Tower Iron Works, Inc., respondent.

James M. Shannahan, Providence, R. I., with whom Boss, Conlan, Keenan, Bulman & Rice, Providence, R. I., was on brief, for Independent Metal Fabricators Union, intervenor respondent.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The order forbidding respondent employer from recognizing Independent Metal Fabricators Union unless and until it wins a Board-conducted election will be enforced. Without reaching other matters discussed in the Board's opinion, we agree that the respondent breached the duty of neutrality placed upon it by section 8(a) (2) of the National Labor Relations Act.[1]

Briefly, the Iron Workers union [2] had been dealing with a multi-employer association of which respondent had been a member for over ten years. In the aftermath of unsuccessful negotiations for a new contract, followed by a strike, the association was dissolved. The Iron Workers union was not notified of this dissolution, but, rather, was affirmatively misled by respondent into believing that the association was still in existence. As a result Iron Workers continued to attempt to deal with the association rather than its individual members, including respondent.

In the meantime Independent conducted an organizing campaign among respondent's employees. Having obtained a card majority, it made a demand for recognition by the respondent, which was promptly granted. Immediately thereafter respondent and Independent entered into a collective bargaining agreement. Since Iron Workers had no knowledge of the dissolution of the association, it had no reason to believe that respondent's employees had become an appropriate unit which it should attempt to organize separately.

---

1. 29 U.S.C. § 158(a) (2).

2. Local 523, International Association of Bridge, Structural & Ornamental Iron Workers, AFL-CIO.

Respondent's conduct was not a mere recognition of a *fait accompli,* as in NLRB v. Air Master Corp., 3 Cir., 1964, 339 F.2d 553. As the Board found, respondent "not only frustrated any further joint bargaining, but also deterred Iron Workers from separate bargaining." Possibly Independent would have succeeded in organizing respondent's employees in any event, but by leading Iron Workers not to enter the competition, respondent improperly handicapped that union until it was too late.